UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x
KAMALADOSS SELVAM,

                Plaintiff,                        ORDER

                   v.                                 20-CV-3299 (RPK) (JO)

UNITED STATES OF AMERICA,
PATRICK CONNOR, UNKNOWN
DEFENDANT(s), and FOOD AND DRUG
ADMINISTRATION (FDA)

                Defendants.
--------------------------------------------------------x
RACHEL P. KOVNER, United States District Judge:

        The defendants seek leave to file a motion to dismiss, and they ask this Court to adopt a proposed scheduling order for their anticipated motion to dismiss. Dkt. 9. These requests are granted. The defendants shall file their motion to dismiss on or before 12/04/2020. The plaintiff shall file his opposition on or before 02/02/2021. The defendants shall file their reply, if any, on or before 03/04/2021. The plaintiff shall file his sur-reply on or before 03/11/2021.

        The plaintiff contends that I should deny leave on the grounds that the proposed motion to dismiss would be time-barred, arguing that the deadline for the defendants to file an answer has passed. Dkt. 10. But the anticipated motion to dismiss would be timely. Fed. R. Civ. P. 12(b) requires only that a motion to dismiss "be made before pleading if a responsive pleading is allowed." That means that "a motion under the rule is timely as long as it is made before the filing of a responsive pleading." 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1391 (3d ed.).

        That is true even after the deadline to file an answer has passed. "[T]he mere passage of twenty-one days does not foreclose the right to make a motion if the responsive pleading has not

been served." Wright & Miller § 1361.  Indeed, a "motion to dismiss" can be "timely" even when a defendant missed the deadline to answer for more than three years, and ultimately "never filed a valid answer to [the] complaint."  *Patel v. Contemporary Classics of Beverly Hills*, 259 F.3d 123, 125 (2d Cir. 2001).

Here, the earliest defendant was served on 07/31/2020.  The earliest due date for an answer noted on the docket is 08/21/2020.  The anticipated motion would be filed 12/04/2020.  That is well within a reasonable time to file, especially given the lack of any apparent prejudice.  *See Luv N' Care, Ltd. V. Babelito, S.A.*, 306 F. Supp. 2d 468, 472 (S.D.N.Y. 2004) (six-month delay).

In any event, the United States and the FDA did raise their motion to dismiss within their deadline to file an answer.  Because these defendants were served on 08/05/2020, and because they are federal entities, their deadline under Fed. R. Civ. P. 12(a)(2) to file an answer was 60 days after service, on 10/05/2020, despite what the docket suggests.  The defendants filed and served a letter on 10/05/2020 setting out the bases for the anticipated motion to dismiss, and under my individual rules, that is sufficient to make the motion timely.  *See* Individual Practice Rules IV.A.2.

SO ORDERED.

*/s/ Rachel Kovner*
RACHEL P. KOVNER
United States District Judge

Dated:  Brooklyn, New York
October 8, 2020